UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert E. Fernicola; and Donna J. Fernicola ) | C/A No. 4:08-1790-TLW-TER |
| ) | |
| Plaintiffs, ) | |
| vs ) | |
| ) | |
| GPO Federal Credit Union; Bank of America; HSBC Bank; John Prumo, GPO Federal Credit Union; Gary Roback, GPO Federal Credit Union; Sherry Morasco, GPO Federal Credit Union; Kenneth Lewis, Bank of America; Adirondack Financial Services Corp.; Gary Casab, Adirondack Financial Services Corp; Barbara Clasey, Adirondack Financial Services Corp; R. Bochniak, Adirondack Bank; Tom Clark, Adirondack Bank; Royal Alliance Associates, Inc.; Mark Goldberg, Royal Alliance Associates, Inc; Peter Hobaica, Esquire; Louis Pierro, Esquire; Jeffrey Johnston; Douglas Fisher, Esquire; Chad Defina, Esquire; Ralph Eannace; Philip Burke, Esquire; Fidelity; Edward C. Johnson, III, Fidelity; Bank of New York; Doug Boyle, Bank of New York; Pershing, LLC; GE Money Bank; Richard Neff, GE Money Bank; General Electric Capital Corporation; Jeffrey R. Immelt, General Electric Capital Corporation; Citibank; William Rhodes, Citibank; Federal Deposit Insurance Corporation; Martin J. Gruenberg, Federal Deposit Insurance Corporation; Christopher Cox, Chairman, U.S. Securities Exchange Commission; Infinex, Inc.; Stephen P. Amarante, Infinex, Inc.; National Credit Union Association; Joann Johnson, Chairman, National Credit Union Association; NYS Department of Taxation and Finance; Barbara G. Billet, Commissioner, NYS Department of Taxation and Finance; Ditech, Inc.; Fuccillo Auto Complex; William Fuccillo; Board of Governors, Federal Reserve System; Benjamin Bernanke, Chairman, Federal Reserve System; Cindy Morgan; David Morgan; NYE Ford; William Nye; New York State Alcoholic Beverage Control State Liquor Authority; Daniel Boyle, Chairman; Carla Dimarco, Esquire; New York State Office of Temporary Disability; David Hansell, Commissioner, New York State Office of Temporary Disability; Raymond Simon, US Department of Education; Patricia Noll, Chief Clerk, NYS Supreme Court of Onondaga County; Amy F. Quandt, Esquire; Diane G. Adams, US Trustee; Carol Sasso, US Trustee's Office; Guy A Van Baalen, Assistant US Trustee; Carolyn Cooley, Esquire; Sister Rose Vincent, St. Elizabeth's Medical Center; Sister Johanna Delays, St. Elizabeth's Medical Center; Philip Endres, Robert Calli, Jr., Esquire; Mark W. Everson, Commissioner of the IRS; Koon's Chvy Chrysler; Daniel Middaugh, Oneida County Sheriff; Michael Mukasey, US Attorney General; Michael Jesanis, CEO, National Grid; John Ebenhoch; Mr. Tuttle, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

The plaintiffs, Robert E. Fernicola and Donna J. Fernicola (Plaintiffs), proceeding *pro se*, file this action against seventy-four defendants, the majority of which are corporations and officers/employees of the corporations, based on allegations that the defendants "embezzled" money from Plaintiff's thirty-two million dollar trust. The Plaintiffs claim that funds embezzled from the trust were used to purchase property in Florence, South Carolina, in the name of Robert C. Fernicola and the allegedly fictitious name of Susan M. Fernicola, which makes the Plaintiffs "titled owners" of the real property. Based on this premise, the Plaintiffs claim this Court has *in rem* jurisdiction over this action. The Plaintiffs are residents of Utica, New York, and make no claim the defendants have any connection with South Carolina in any of the alleged facts, other than some possible involvement in purchasing the land in Florence, titled in the same last name as the Plaintiffs. Court records reveal the Plaintiffs have an extensive history of litigation in the federal court system involving claims related to the misappropriation of their alleged thirty-two million dollar trust. The complaint in this case is frivolous and should be dismissed.

## *In Forma Pauperis* and *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* filings in this case. pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted pursuant to 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

2

a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Background**

On February 11, 2008, Plaintiffs attempted to remove a New York state court case, involving collection of a debt, to this federal district court with a thirty-seven page "Notice of Removal" and attached, somewhat duplicative, forty-eight page "Counter Claim and Third Party Complaint" against multiple defendants. *GPO Federal Credit Union v. Fernicola*, No. 4:08-cv-0516 (D.S.C.). By order dated April 17, 2008, the removed action was remanded to the New York state court based on lack of jurisdiction. The remand order was affirmed by the assigned District Judge on July 14, 2008.

On May 2, 2008, Plaintiffs filed this action with a complaint against seventy-four defendants, basically the same defendants as in the prior "Counter Claim and Third Party Complaint," with

3

essentially the same allegations concerning use of "embezzled" funds from Plaintiffs' alleged thirty-two million dollar trust to purchase land in South Carolina titled in the same last name as Plaintiffs.[1] Plaintiffs allege the "Robert C. Fernicola" on the title of South Carolina land is the Plaintiff "Robert E. Fernicola" and "Susan M. Fernicola" on the title of the land is a fictitious name, or someone posing as the wife of Plaintiff Robert Fernicola. Complaint at 6.  The complaint states Plaintiffs

> have now filed this action as a original proceeding Complaint under South Carolina federal/state law.  This Complaint is against certain banks, officials, etc., (see Affidavit dated April 30, 2008 dealing with official judicial misconduct), GPO Federal Credit Union, et al., for damages for not returning the balance of Robert Fernicola's and Donna Fernicola's monies....  The nexus fraudulent financial instrument is Robert Fernicola's and Donna Fernicola's trusts with fraudulent power of attorneys...."

[Complaint at 3-4].  Plaintiffs later contend "some of Robert E. Fernicola's and/or Donna J. Fernicola's $32,295,000" was "used to purchase the herein described South Carolina real property," which they claim provides "in rem jurisdiction" in this Court. [Complaint at 5.] The complaint then alleges facts repeated often throughout the complaint, as follows:

> [t]he above and below herein described original $32,295,000.00 is all derivative from Robert Fernicola's and Donna Fernicola's personal injury defendant cross claim policy limits paid out in the amount of $32,295,000.00 paid in Robert Fernicola's and Donna Fernicola's name on December 15, 1995 (Exhibit C).[2]  Thereafter the money judgment was court ordered renewed w/interest on August 28, 2002 (Exhibit C). The first $32,295,000.00 was almost completely embezzled from Robert Fernicola and Donna Fernicola."

Complaint at 6.  Plaintiffs then claim "around 2003-2005" that "approximately $32,295,000.00" was

---

[1] Many of the references to exhibits in the complaint are actually attachments to the "Notice of Removal" in Plaintiffs' prior case.

[2] Exhibit C to the complaint are documents from a case titled *Niagara Mohawk Power Corporation v. Robert E. Fernicola*, filed in City Court of the City of Utica, County of Oneida in the state of New York, concerning a judgment against Plaintiff Robert Fernicola for $3, 977.29.

"returned" to Plaintiffs "HSBC account." *Id*; and Complaint at 10. The Plaintiffs now appear to claim some of the defendants are "unlawfully in control" of the returned money, and it is being misappropriated in various ways. The complaint admits "[n]owhere in the record can any court or any official find the dismissal of Robert Fernicola's and Donna Fernicola's derivative defendant cross-claim paid in Robert Fernicola's and Donna Fernicola's name on December 15, 1995." Complaint at 6. The complaint seeks injunctive relief and $92,819,073.27 based on $32,295,000.00 plus accrued interest at 9% from December 15, 1995. Complaint at 21; and 35- 43. In addition to the two cases filed in this Court, the Plaintiffs have filed extensive litigation in New York.[3]

Public Access to Court Electronic Records (PACER) reveals that Plaintiffs have previously filed litigation in the United States District Court for the Northern District of New York (New York Northern) and the United States District Court for the Southern District of New York (New York Southern). Orders filed in the federal district court cases reveal that Plaintiffs have also filed state court cases in New York. The common theme in the cases, revealed in the following summaries, is the allegation of misappropriation and use of a thirty-two million dollar trust belonging to Plaintiffs.

In October 1990, Plaintiffs commenced a medical malpractice action in New York State Supreme Court for the County of Oneida based on medical treatment received by Robert Fenicola

---

[3] Judicial notice may be taken of prior related proceedings in this Court. *Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949). This Court may also take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (federal courts may take judicial notice of proceedings in other courts of record); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)(same); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)(same).

in 1988.[4] On September 1, 1998, the Plaintiffs voluntarily dismissed their malpractice action in state court. *Fernicola v. Ryan*, No. 90-3012 (Sup. Ct. Oneida County Sept. 17, 1998).

On August 17, 1998, the Plaintiffs filed an action in New York Northern, against sixty defendants, claiming violations of constitutional rights in relation to the malpractice suit. *Fernicola v. Maliner*, No. 98-cv-1344, (N.D.N.Y. August 17, 1998). Several defendants were dismissed and a second amended complaint was filed, which was ultimately dismissed on September 25, 2000. *Fernicola v. Eannance*, No. 99-cv-1344 (N.D.N.Y. September 25, 2000). In a memorandum, the Plaintiffs alleged misappropriation of a thirty-two million dollar insurance fund intended for their benefit. The Court noted "no mention or factual support for the plaintiffs' allegations of a $32 million fund ... in the record." *Id.* The United States Court of Appeals for the Second Circuit (Second Circuit Appeals) affirmed the dismissal of the district court case on January 9, 2002. *Fernicola v. Eannance*, No. 00-9364 (2nd Cir. January 9, 2002).

On January 21, 1999, the Plaintiffs filed suit in the United States Court of Federal Claims based on alleged medical malpractice and conspiracies to tamper with medical records. The case was dismissed for lack of jurisdiction, *Fernicola v. USA*, No. 99-cv-0034 (Fed. Cl. January 21, 1999), which was affirmed on appeal to the United States Court of Appeals, Federal Circuit, 194 F.3d 1338 (table)(Fed. Cir. June 11, 1999).

On June 28, 2000, while the New York Northern case was still pending, the Plaintiffs filed an action in New York Southern, against twenty-four defendants. *Fernicola v. Specific Real*

---

[4] Summation of the history of Plaintiffs' cases filed in both state and federal courts in New York is primarily derived from PACER; *Fernicola v. Specific Real Property in Possession*, 2001 WL 1658257 (S.D.N.Y. Dec. 26, 2001); and *Fernicola v. General Motors Acceptance Corp.*, 2003 WL 113460 (N.D.N.Y. Jan. 10, 2003).

*Property in Possession*, No. 00-cv-5173 (S.D.N.Y.). The Court found "the Plaintiffs allege under RICO that defendants entered into an overarching conspiracy, acting in concert to foil plaintiffs' malpractice suit and to steal the $32 million insurance fund first mentioned in the Northern District action." *Fernicola v. Specific Real Property in Possession*, No. 00-cv-5173, 2001 WL 1658257 (S.D.N.Y. Dec. 26, 2001). The Plaintiffs asserted they were entitled to the $32 million fund, although it was "fraudulently deposited and transferred" to the "New York State Insurance Fund." *Id*. The Plaintiffs' also claimed the New York State Attorney General used the wrongfully obtained $32 million fund to purchase the lease on Robert Fernicola's Toyota Corolla from Toyota Motor Credit Corporation in order to facilitate unspecified illegal activity." *Id.* The complaint also alleged wiretapping and sought to bar collection of debts Plaintiffs claimed they did not owe. The Court granted the Defendants' motions to dismiss based on *res judicata* and failure to state a claim, and then dismissed state law claims for lack of subject matter jurisdiction. The Defendants also moved for sanctions, which the Court granted in part, holding "the Fernicolas' campaign of litigation in both this action and in several related proceedings has been both frivolous and abusive, I grant defendants' motion for an injunction barring plaintiffs from filing any further motions without leave of the court." *Id*. The Court indicated that during the pendency of the action, the Plaintiffs filed two additional state court actions based on the same underlying medical malpractice allegations. Thus, the Court concluded,

> some action is necessary to prevent the Fernicolas from continuing their campaign of harassment through the legal system. Plaintiffs are barred from commencing any future action against any defendant in this case, or any action in any way related to the facts and circumstances of this case, without leave of the court in which the action is to be filed, with a copy of this opinion provided to that court.

*Fernicola v. Specific Real Property in Possession*, No. 00-cv-5173, 2001 WL 1658257 (S.D.N.Y.

Dec. 26, 2001).

Prior to the filing injunction imposed in New York Southern, the Plaintiffs filed suit on September 5, 2001, in New York Northern, against twenty-five defendants alleged to have violated federal lending, debt collection and credit reporting laws. *Fernicola v. General Motors Acceptance Corp.*, No. 01-cv-1385 (N.D.N.Y.). The case was stayed on January 25, 2002, after Plaintiffs filed for bankruptcy. In September 2002, the U.S. Bankruptcy Trustee filed a Report of No Assets, although the bankruptcy case remained open while adversary proceedings were pending. On October 3, 2002, the Plaintiffs moved to have the New York Northern action referred to the Bankruptcy Court, which was denied. *Fernicola v. General Motors Acceptance Corp.*, No. 01-cv-1385, 2002 WL 34272344 (N.D.N.Y. Dec. 16, 2002). A filing injunction was also imposed by New York Northern, which states, in part:

> The plaintiffs have filed multiple lawsuits and proceedings in this and other courts based upon or related to the alleged trust which have absolutely no basis in fact. ... Additionally, the Fernicolas have taken to accusing the state and federal judiciaries of fraud. Plaintiff's abuse of the legal system has continued despite an order barring them from filing further actions without prior court approval. Accordingly, it is appropriate and necessary to bar any future filings that are in any way based upon or related to the $32 million trust. ... Robert Fernicola, Donna Fernicola, and Bernice Fernicola are permanently enjoined from filing any action, motion, petition, or proceeding arising out of, or relating to, the alleged $32 million Trust, without first obtaining leave of the court in which the filing is to made, with a copy of this opinion provided to that court.

*Id*. (citations omitted). On July 7, 2003, the Second Circuit Appeals dismissed Plaintiffs appeal of the New York Northern order. *Fernicola v. General Motors Acceptance Corp.*, Case No. 02-9486 (2nd Cir.)[docket entry # 172, No. 01-cv-1385 (N.D.N.Y.)].

On July 17, 2002, the Plaintiffs filed another action in New York Northern, against nine defendants. *Fernicola v. Shaheen*, No. 02-cv-0923 (N.D.N.Y.). On July 25, 2002, the Court

8

determined that the complaint related to previous actions regarding the alleged trust and the case was dismissed without prejudice to renew based on resolution of the pending filing injunction issue in *Fernicola v. General Motors Acceptance Corp.*, No. 01-cv-1385 (pending rule to show cause why filing injunction should not be imposed). On October 9, 2002, the Plaintiffs' request to reinstate the case was denied, again based on the pending filing injunction issue in *Fernicola v. General Motors Acceptance Corp.*. The Plaintiffs did not request the case be renewed after the permanent filing injunction was imposed in *Fernicola v. General Motors Acceptance Corp.*, No. 01-cv-1385, 2002 WL 34272344 (N.D.N.Y. Dec. 16, 2002).

## Discussion

The Plaintiffs are residents of Utica, New York. The only connection to the State of South Carolina in this case is real property located in Florence, South Carolina, and titled in the names Robert C. Fernicola and Susan M. Fernicola. The Plaintiffs attempt to sue seventy-four Defendants, with no specified connection to South Carolina, based on alleged financial transactions that took place in New York.[5] Plaintiffs claim "in rem" jurisdiction based on the alleged purchase of the South Carolina land with funds from monies "embezzled" from the Plaintiffs' thirty-two million dollar trust fund. Court records reveal that the thirty-two million dollar trust fund never existed and thus, the South Carolina land could not have been purchased with monies related to the Plaintiffs' trust fund. Additionally, the contention that the legal title holders of the land, Robert C. And Susan M. Fernicola, do not exist is improbable and unsupported by any facts or documentation.[6]

---

[5] Clearly venue and personal jurisdiction issues would arise in this case if the case were not dismissed for being frivolous.

[6] A complaint requires pleading "enough facts to state a claim to relief that is plausible on its face." *Twombley v.* , _U.S._, 127 S.Ct. 1955, 1974 (2007). The facts alleged are implausible and

Records of cases filed in Federal Appellate, District and Bankruptcy courts are available through PACER. A review of cases filed by Plaintiffs, as summarized in the background above, reveals a history of litigation related to the alleged thirty-two million dollar trust the Plaintiffs claim was used to purchase land in South Carolina. Court records reveal that the thirty-two million dollar trust fund never existed. The Order of the Northern District of New York that imposes a filing injunction, states:

> [I]t is clear that there is no such trust, receivership, or $32 million. The United States District Court for the Southern District of New York noted that 'the Fernicolas have not stated a basis for concluding that the $32 million even exists.' Similarly, the New York Supreme Court, Appellate Division, Third Department found that '[n]ot one of the exhibits proffered by plaintiffs provides any basis for believing that there was a finding in their favor resulting in a $32 million judgment which was placed in trust for them.' *Fernicola v. New York Sate Ins. Fund*, 293 A.D.2d 844, 845 (N.Y. App. Div.3d Dep't 2002)(Peters, J.).

*Fernicola v. General Motors Acceptance Corp.*, No. 01-cv-1385, 2002 WL 34272344 (N.D.N.Y. Dec. 16, 2002). Plaintiffs' claim that land in South Carolina was purchased with their money from a non-existent $32 million dollar trust fund is completely frivolous.

The complaint is frivolous, and thus, should be dismissed pursuant to 28 U.S.C. § 1915, without service of process. **Plaintiffs should also be warned that the filing of any future actions in this Court concerning the non-existent $32 million trust will be subject to sanctions, including but not limited to a filing injunction.**

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *with prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's

---

thus this case is also subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

attention is directed to the notice on the following page.

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

July 22, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).